A. P. BUSH *v.* BARBARA A. VAIL.

Bill in Chancery — Fraud — Certainty and Sufficiency.

> Where fraud is charged in a bill in chancery there must be a specific statement of the fraudulent acts; it is not sufficient to charge fraud generally.[1]

Appellee, Mrs. Barbara A. Vail, filed her bill in the Chancery Court of Noxubee county against appellant, in which she charges that Bush owned a large tract of land in Noxubee county and sold it to Henry Vail, complainant's husband, for $14,500, and took a deed of trust on the land and crops for a number of years, and a large amount of personal property, to secure the payment of the money; that complainant had a separate estate, some land in Alabama, which she sold to one Blakely for $3,200; that by fraud, collusion and deception Bush possessed himself of the purchase money of this land and in this way he induced complainant to pass to him the evidence of debt and security given by said Blakely for the land purchased, under the false delusion and deceptive promise that she should have and become the owner of a $3,200 interest in the tract of land sold to her husband, Henry Vail; that he induced her to believe that if she would transfer the debt on Blakely, which was good as money—which has been, or soon will be, paid to Bush—she should receive full value in lands in Mississippi and in the land he, Bush, had sold to her husband, Henry Vail, and thus fraudulently induced her to sign her separate estate to him as a partial payment of the debt of her husband to him; that after Henry Vail had paid $8,000 on the debt secured by the deed of trust it was foreclosed, and the land was bought at the sale by Bush for $1,040. The prayer was for a decree against Bush for $3,200 and interest thereon.

Defendant demurred to the bill and it was overruled, and from that decree he appeals.

---

[1]
A deed voluntarily made to vest title in the grantee, following up an implied wish of a deceased person, is valid and binding against the estate, and will not be set aside at a subsequent date because of matters arising *ex post facto.* Hawkins *v.* Coleman, 1 Miss. Dec. 478, and cases cited in Note 1.

APPEALED from Chancery Court, Noxubee county, F. A. CRITZ, Chancellor.

Reversed, demurrer sustained and bill dismissed, April 11, 1881.

*Attorneys for appellant, Jarnagin, Bogle & Jarnagin.*

*Attorneys for appellee, Orr & Sims.*

Brief of Jarnagin, Bogle & Jarnagin:

A married woman has the right to sell or transfer her choses in action in payment of her husband's debt; and if they are applied in the payment of purchase money due on land, as in this case, the husband will hold the land as trustee for the wife's use, subject of course to any claim for the balance of the purchase money remaining unpaid. Hobson *v.* Edwards, 57 Miss. 128.

The bill is so vaguely drawn that it is difficult to determine whether complainant relies on his allegations of fraud, or on the incapacity of Mrs. Vail to make a binding contract.

1. There is no charge of fraud in the bill that is sufficient to vitiate the contract. If Bush promised that Mrs. Vail should have an interest in the Mississippi lands equal to the amount she paid on them, he promised her nothing more than the law gave her. The law created a trust in her favor the moment she made the payment, subject of course to Bush's claim for the balance of the purchase money which was secured by a trust deed. There is no allegation that Bush promised to waive his trust deed in her favor, or promised her anything more than the law gave her. Though the bill charges that he committed a fraud, the conduct set forth does not amount to fraud, and the charges amounts to nothing.

2. Her incapacity to contract is not shown. We contend that a married woman can sell or transfer her choses in action in payment of her husband's debt, and that there is no restriction on her power to dispose of them. But, however that may be, if she has not the capacity to sell them, it arises from the nature of the estate represented by the choses in action. If the choses in action arose from a sale of her separate equitable estate, certainly she could sell them; for she would have the power to sell or encumber the estate itself. The bill must show her incapacity, and in order

to do that, it must show that her estate is a separate *statutory* estate, and not a separate *equitable* estate. The bill here alleges that she owned a separate estate in Alabama, which was represented by these choses in action. This does not show want of capacity to sell or contract with reference to her estate. See 57 Miss. 451; Reed *v.* Overall, 39 Ala. 138; Westmoreland *v.* Foster, 60 Ala. 456; 52 Ala. 456; 56 Ala. 542.

The bill seeks a personal judgment against Bush, without alleging that he has collected or realized anything on these choses in action. At most, she is entitled only to have what he has collected, and as he is not shown to have collected anything, she is entitled to nothing.

Brief of Orr & Sims:

The bill sets up that defendant is a non-resident of this State; that he owns land in this State described in the bill, and that the defendant, A. P. Bush, is indebted to the complainant in the sum of $3,200 for choses in action owned by her as a part of her separate estate, which he had fraudulently obtained ownership of.

2. These facts make under the statute a right to an attachment in chancery, which alone give equity jurisdiction. H. & H. Dig. p. 549, § 63; Rev. Code 1857, p. 549, art. 61-63; Rev. Code 1871, §§ 1039, 1041; Comstock et al. *v.* Rayford, 1 S. & M. 423; Zecharie *v.* Bowers, 3 S. & M. 641; Trotter *v.* White, 10 S. & M. 607.

In Freeman *v.* Guion, 11 S. & M. 65, J. Clayton says: "The attachment the means by which the jurisdiction is exercised." See also Freeman *v.* Malcolm et al., 11 S. & M. 53; Scruggs *v.* Blair, 44 Miss. 406; Statham *v.* Ins. Co., 45 Miss. 581.

In the last case, Judge Simrall said: "This is the renewal of a controversy which prevailed in the High Court of Errors and Appeals for several years; whether the complainant must not show in his bill a distinct ground of equity, in addition to the fact that the debtor is a non-resident and has lands in the State." Held established, "That the basis of the jurisdiction is purely statutory and depends on the condition of facts stated in the statute, to wit: the absence of the debtor, the presence here of effects belonging to, or a debt due to him, or his owning lands or tenements in this State." 45 Miss. 592; Allen & Lee *v.* Montgomery, 48 Miss. 101; McNail *v.* Roach, 49 Miss. 436.

2.   The allegations of fraud contained in the bill are sufficient to give jurisdiction to a court of equity.   Niles *v.* Anderson, 5 How. 364; 1 Dan. Chan. Pr. (4th ed.), 364; 1 Story Eq. Jur., § 184, *et seq.*

3.   The condition of complainant gives this court concurrent jurisdiction over her claims.   "The Court of Chancery has concurrent jurisdiction with the court of law on the contracts of married women and is the more appropriate tribunal to administer the rights of parties under such contracts."   Chappin *v.* Harmon, 46 Miss. 304.

The fourth ground of demurrer, "That the bill does not show how much, if anything, has been collected by this defendant on the alleged evidence of debt, converted or appropriated by defendant, A. P. Bush," is no good objection to the bill.   Defendant Bush, as shown by the bill, artfully and wrongfully got possession of her choses in action, alleged to have been worth its face value, $3,200.   He has used it for his own purposes, and still holds it. How much defendant, A. P. Bush, has collected is a matter peculiarly within his knowledge.   By fraud, as alleged in the bill, her ownership and possession of a note (equal to so much cash) under the idea that she was making an investment, but which defendant appropriated to his own use in *payment* of a debt due him by her husband.   If the note was of no value, and was not collectible, defendant can set up the fact in his answer, if it be a matter of defense.   Certainly defendant does not stand in need of information on that subject from complainant to enable him to answer the equities presented by the bill.

The fifth ground of demurrer is that the bill does not show whether the wife's estate alleged to have been appropriated to the husband's debts was "statutory" or "equitable."

The Code, 1871, § 1778, declares that "Every species and description of property of a married woman, whether consisting of real or personal estate, and all money, rights and credits which may be owned or belong to any single woman, shall continue to be the separate property of such a woman as fully after marriage as it was before   *   *   *   and shall not be liable to be taken in satisfaction of the debts of the husband."   The wife, under the Code of 1871, was under disabilities except as permitted by the statute in regard to the management and disposition of her separate estate.   This is the general status of estate as fixed by the

statute; if the property mentioned in the bill came to her through a will, deed or settlement which provided a different rule of action for its management the exception must be pleaded or set up by the defendant. See Bank *v.* Williams, 46 Miss. 618, for general doctrine as to how *femme coverts* hold estates in Mississippi.

The bill alleges that the land sold Blakely, the proceeds of which Bush has become possessed of, was held by her own right, and in her capacity as a *femme covert* with a separate property. An equitable estate is vested in a trustee in trust for the wife. See Musson *v.* Trigg, 51 Miss. 172; also Klein *v.* McNamara, 54 Miss. 104.

The law of Mississippi, not of Alabama, controls the parties in their contract. 46 Miss. 618.

But, we maintain that it is immaterial how Mrs. Vail held her estate in determining the merits of the bill, and for that reason we do not discuss the question, whether it was equitable estate, an estate under a power, or a separate estate under the statute. The bill avers that it was a separate estate and that Bush is engaged in the effort to defraud her of that estate. If she held by any tenure, Bush will not be permitted to act as the demurrer confesses he has acted.

OPINION.—CAMPBELL, C. J.:

If Bush obtained the chose in action of Mrs. Vail by means which constitute him her debtor therefor, she should have stated the facts out of which her right and his liability arose definitely and clearly. She has not done this. The allegations of her bill must be taken most strongly against her, and it is apparent that the failure of her husband to pay for the land, and its loss to him by the sale to pay Bush, suggested the claim of appellee to recover from Bush her means improvidently devoted by her to the partial payment of her husband's indebtedness for the purchase money of the land. If Bush perpetrated a fraud on appellee, whereby he obtained her means for the debt of her husband, it should be precisely charged—not by a general allegation that he obtained it by fraudulent means, but by a specific statement of the fraudulent acts done, so that he might meet the precise charge by a specific answer. The only specific statement of the bill on this subject is that Bush induced appellee to devote her separate estate to the partial payment of her husband's indebtedness for the land, by

representing to her that by her paying in part for the land conveyed to her husband she would acquire an interest *pro tanto* in the land. There was no fraud in this, and calling it fraudulent in the bill does not make it such. There is no intimation in the bill that Bush agreed to relinquish any right of his, with respect to the law, in favor of appellee, or that he guaranteed to her any interest in the land as an inducement to her to part with her claim on Blakely as a partial payment of her husband's debt. The extent of the charge is, that Bush misrepresented to her the consequence to her of devoting her estate to the partial payment for the land. But there was no misrepresentation, for if the land had been fully paid for and secured to her husband, Mrs. Vail would have been entitled to an interest in it to the extent that it was paid for by her money.

*Decree reversed,* demurrer sustained, and bill dismissed.